## PEOPLE *v.* BOYKIN

1. ARREST—UNLAWFUL ARREST—RIGHT TO RESIST.

   An arrest must be unlawful in fact before the right to resist arises.

2. ARREST—RIGHT TO ARREST—MISDEMEANORS—TRAFFIC OFFENSES.

   Police officers had the right to arrest the defendant for speeding and for failure to produce his driver's license upon their request, because both of these offenses were misdemeanors committed in the officers' presence (MCLA § 257.901).

3. ARREST — APPRISEMENT OF ARREST — ASSAULT AND BATTERY — RESISTING ARREST.

   Failure of police officers to inform the defendant, tried for assaulting the officers, that he was under arrest was not significant even though the defendant contended he was resisting an unlawful arrest where the trial court found that defendant began to resist the officers before they had a reasonable opportunity to inform him of his arrest (MCLA § 764.19).

4. CRIMINAL LAW—MISDEMEANORS—RES GESTAE WITNESS—INDORSEMENT ON COMPLAINT.

   Contention that the statute requiring indorsement of *res gestae* witnesses on all informations would also require indorsement of witnesses on a complaint in misdemeanor cases where no information is filed was not determined where the defendants failed to show that permitting an unindorsed *res gestae* witness, the arresting officer, to testify in defendants' misdemeanor trial over their objection prejudiced their rights in any significant way (MCLA § 767.40; GCR 1963, 529.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur 2d, Arrest §§ 112, 113.
[2] 5 Am Jur 2d, Arrest §§ 26, 30.
[4] 5 Am Jur 2d, Appeal and Error §§ 780, 797.

Appeal from Recorder's Court of Detroit, George E. Wickland, J.   Submitted Division 1 March 2, 1971, at Detroit.  (Docket No. 9319.)  Decided March 25, 1971.

Alvin Boykin and Calvin Boykin were convicted of assault and battery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Plunkett, Cooney, Rutt & Peacock* (by *Joel S. Morse*), for defendants.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

V. J. Brennan, P. J.   The defendants were convicted in a nonjury trial of the offense of assault and battery.   MCLA § 750.81 (Stat Ann 1962 Rev § 28.276).   Calvin Boykin was fined $25 and his brother, Alvin, was fined $15.

On March 2, 1970, the complainant, Officer Alex Davis, and his partner, Officer Fred Bedient, observed Calvin Boykin proceeding in his automobile at an excessive rate of speed.   They followed him until he finally pulled up in front of his home at 11399 Dalrymple and got out of the car.

The events giving rise to the present prosecution were testified to by Officer Davis as follows.   He and his partner got out of their scout car and told

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the defendant to "halt". Defendant continued walking. As the officers drew closer, they asked to see his driver's license. The defendant began to swear at them, ignoring several more requests to see his driver's license. The officers then attempted to arrest him, but he retaliated by initiating an affray in which he assaulted both arresting officers. Meanwhile, Alvin Boykin emerged from the house and attempted to come to his brother's aid by joining in the affray. Alvin struck Officer Davis with his fist and wrestled with Officer Bedient. The latter officer managed to get free long enough to radio for help. Reinforcements arrived shortly thereafter, and the defendants were arrested.

On appeal defendants allege three assignments of error, none of which requires reversal.

The Boykins' first assignment of error is that in making his findings of fact the trial judge totally ignored the testimony of a defense witness, Elizabeth Thompson, whom they claim is a disinterested witness. Mrs. Thompson, defendants' neighbor, testified that the police officers initiated the struggle by throwing Calvin to the ground and that Calvin was merely defending himself.

The standard by which findings of fact made by a judge sitting without a jury in a criminal case are reviewed is the "clearly erroneous" standard set forth in GCR 1963, 517.1, which provides in part:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

After a careful review of the contradictory testimony in this case, we cannot say that the lower court

was clearly in error. *People* v. *Hawk* (1970), 22 Mich App 337.

Next, defendants urge that, as a matter of law, they were entitled to resist the unlawful arrest.[1]

Before the extent of one's right to resist an unlawful arrest can be considered, it must first be determined that the arrest was in fact unlawful. In the instant case the court found that the defendant Calvin Boykin was speeding[2] and that he failed to produce his driver's license upon request of a police officer.[3] Both of the above offenses constitute misdemeanors under MCLA § 257.901 (Stat Ann 1971 Cum Supp § 9.2601). It is thus clear that the officers had the right to arrest Calvin Boykin, as he had committed misdemeanors in their presence. MCLA § 764.15 (Stat Ann 1954 Rev § 28.874). Nor is it significant that the officers had not informed Calvin Boykin that he was under arrest, since it is implicit in the trial court's findings that the defendant began to resist the officers before they had a reasonable opportunity to do so. MCLA § 764.19 (Stat Ann 1954 Rev § 28.878).

Finally, defendants contend that it was reversible error to allow an unindorsed *res gestae* witness, Officer Fred Bedient, to testify over their objection. It is claimed that MCLA § 767.40 (Stat Ann 1971 Cum Supp § 28.980), which requires indorsement of witnesses on *"all informations,"* would require indorsement of witnesses on the *complaint* in the case of misdemeanors where no information is filed. We need not, however, determine the effect of MCLA § 767.40 in misdemeanor prosecutions, since the defendants have failed to demonstrate that the action

---

[1] See 23 Mich L Rev 62 (1923); 5 Am Jur 2d, Arrest, § 94, p 778.
[2] See MCLA § 257.627 *et seq.* (Stat Ann 1968 Rev § 9.2327 *et seq.*)
[3] MCLA § 257.311 (Stat Ann 1968 Rev § 9.2011).

of the trial court prejudiced their rights in any significant way. If error occurred, it was harmless. GCR 1963, 529.1.

Affirmed.

All concurred.