PEOPLE v CAVITT

Docket No. 124480. Submitted March 12, 1991, at Detroit. Decided
      May 6, 1991, at 10:00 A.M. Leave to appeal denied, 438 Mich
      871.
   Melvin Cavitt was convicted following a bench trial in the Re-
      corder's Court of Detroit, Michael F. Sapala, J., of carrying a
      concealed weapon in a motor vehicle. The defendant appealed,
      alleging that he was denied the effective assistance of counsel.
         The Court of Appeals *held:*
         There was no error requiring reversal.
         1. Defense counsel did not err in failing to move to suppress
      certain evidence. The defendant was properly searched incident
      to his arrest for failing to produce his driver's license.
         2. Defense counsel's failure to object to the holding of the
      defendant's preliminary examination thirteen days after his
      arraignment was not a mistake but for which the defendant
      would have had a reasonably likely chance of acquittal.
         Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *Brian D.
Marzec,* Assistant Prosecuting Attorney, for the
people.

*John W. Brusstar,* for the defendant on appeal.

Before: BRENNAN, P.J., and MICHAEL J. KELLY
and D. F. WALSH,* JJ.

MICHAEL J. KELLY, J. Following a bench trial,
defendant was convicted of carrying a concealed
weapon in a motor vehicle, MCL 750.227; MSA

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

28.424, and was sentenced to three to five years in prison. He appeals as of right.

The sole issue raised on appeal is whether defendant was denied the effective assistance of counsel. We find no error requiring reversal. Defendant's contention that defense counsel should have moved to suppress the evidence is unwarranted because the defendant was searched incident to his arrest for failing to produce his driver's license. See *People v Boykin,* 31 Mich App 681; 188 NW2d 100 (1971). Furthermore, we decline to reverse on the basis of defense counsel's failure to object to the holding of defendant's preliminary examination thirteen days after his arraignment, *People v Crawford,* 429 Mich 151; 414 NW2d 360 (1987), finding the mistake not one but for which defendant would have had a reasonably likely chance of acquittal. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991).

Affirmed.