PEOPLE v McMILLAN

Docket No. 154698. Submitted May 18, 1995, at Lansing. Decided
    September 1, 1995, at 9:00 A.M. Leave to appeal sought.

    Joseph H. McMillan, Jr., was convicted by a jury in the Ingham
        Circuit Court, Thomas L. Brown, J., of kidnapping and second-
        degree murder. He appealed.

        The Court of Appeals *held:*

        1. The trial court did not err in admitting evidence of
    deoxyribonucleic acid identification using the polymerase chain
    reaction method. This method is generally accepted in the
    scientific community as being reliable and the prosecution
    established that generally accepted laboratory procedures were
    followed in this case.

        2. The trial court did not abuse its discretion in admitting
    evidence of two prior instances in which the defendant entered
    the homes of women while the women were alone and then
    assaulted them. The evidence was admissible for the purpose of
    establishing identity under MRE 404(b), which governs evi-
    dence of prior bad acts, and satisfied the requirements of
    *People v VanderVliet,* 444 Mich 52 (1993), and *People v Golo-
    chowicz,* 413 Mich 298 (1982).

        3. There was sufficient evidence in support of the defendant's ·
    convictions. A rational trier of fact could have found, on the
    basis of the physical and testimonial evidence that was pre-
    sented, that the essential elements of the crimes charged
    against the defendant were proved beyond a reasonable doubt.

        4. The trial court did not abuse its discretion by prohibiting
    defense counsel from cross-examining Deborah McMillan, the
    defendant's sister-in-law, who was called by the prosecution as
    an adverse witness, about an alibi for the defendant. The
    witness, in prior testimony before a grand jury, could not fully
    account for the defendant's whereabouts on the date of the

REFERENCES

Am Jur 2d, Appellate Review § 664; Criminal Law §§ 196, 749, 752;
    Evidence §§ 413, 574.
See ALR Index under Alibi; Appeal and Error; Attorney or Assis-
    tance of Attorney; DNA; Notice and Knowledge; Same or Similar
    Acts or Matters.

offenses, and defense counsel failed to file the notice of alibi required by statute. The defendant was not denied effective assistance of trial counsel with respect to the purported alibi inasmuch as the witness would not have provided an effective alibi.

5. A remand for an evidentiary hearing regarding the defendant's motion for suppression of evidence is not required in the absence of an explanation by the defendant regarding the significance of the fact that shoes were pointed out to a police officer by another police officer.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — DNA IDENTIFICATION — POLYMERASE CHAIN REACTION.

The polymerase chain reaction method of deoxyribonucleic acid testing for identification is generally accepted in the scientific community as reliable; before the results of a test using this method can be admitted into evidence in a criminal prosecution, the prosecutor must establish that generally accepted laboratory procedures were followed.

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — ADMISSIBILITY.

Evidence of other similar acts may be admitted if it is offered for a proper purpose under MRE 404(b), it is relevant under MRE 402, and its probative value is not substantially outweighed by unfair prejudice under MRE 403; upon request, a trial court may provide a limiting instruction to the jury.

3. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE — APPEAL.

The Court of Appeals, when considering whether sufficient evidence has been presented in support of a conviction, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt.

4. CRIMINAL LAW — EVIDENCE — ALIBI.

A trial court, at its discretion, may exclude evidence of alibi where notice of an alibi was not given as required by statute.

5. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL.

A defendant, in order to establish ineffective assistance of counsel, must show that counsel's performance fell below an objective standard of reasonableness and that the representation so prejudiced the defendant that it deprived the defendant of a fair trial.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for the defendant on appeal.

Before: FITZGERALD, P.J., and MARKMAN and M. F. SAPALA,* JJ.

MARKMAN, J. Defendant appeals his convictions of second-degree murder, MCL 750.317; MSA 28.549, and kidnapping, MCL 750.349; MSA 28.581. We affirm.

Defendant's convictions arise from the murder of Denise Bandfield in East Lansing, Michigan, in June 1981. Bandfield was abducted from her apartment sometime around midnight. Her body was found the next day at a golf course.

Defendant argues that the trial court erred in admitting deoxyribonucleic acid (DNA) evidence based on the polymerase chain reaction (PCR) method. More specifically, defendant argues that the prosecutor failed to meet his burden of proving that the PCR method used in this case is generally accepted as reliable.

Under the *Davis-Frye* rule,[1] novel scientific evidence must be shown to have gained general acceptance in the scientific community in order to be admissible at trial. *People v Young (After Remand),* 425 Mich 470, 473, 479-480; 391 NW2d 270 (1986). This Court recently held in *People v Lee,* 212 Mich App 228; 537 NW2d 233 (1995), that the PCR method is generally accepted in the scientific

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955); *Frye v United States,* 54 US App DC 46; 293 F 1013 (1923).

community as being reliable.[2] Before a court admits the test results into evidence, however, the prosecutor must show that generally accepted laboratory procedures were followed. *Id.* While defendant's expert pointed to certain errors that he believed were committed during the testing, on the basis of our analysis of the procedures described and sustained in *Lee* and the full range of expert testimony presented in this case, we nevertheless believe that generally accepted laboratory procedures were followed.

Defendant further argues that the trial court erred in admitting evidence of prior bad acts. At trial, the court permitted the prosecutor to introduce evidence regarding two prior acts by defendant. Testimony was introduced that defendant, on separate occasions, entered the homes of two women and assaulted them. The prosecutor offered the evidence for the purpose of establishing that the defendant was the person who kidnapped and killed Bandfield.

This Court reviews the trial court's admission of evidence under the abuse of discretion standard. *People v Taylor,* 195 Mich App 57, 60; 489 NW2d 99 (1992). The Michigan Supreme Court addressed the admissibility of other bad acts evidence in *People v VanderVliet,* 444 Mich 52; 508 NW2d 114 (1993). Under the standard announced in *VanderVliet,* the evidence must be offered for a proper

---

[2] The prosecution urges this Court to follow *Daubert v Merrell Dow Pharmaceuticals,* 509 US —; 113 S Ct 2786; 125 L Ed 2d 469 (1993), and replace the *Davis-Frye* standard. However, we are bound to continue to follow this standard until the Michigan Supreme Court overrules or modifies its decisions in this area. *Boyd v W G Wade Shows,* 443 Mich 515, 523; 505 NW2d 544 (1993); *People v Bullock,* 440 Mich 15, 27; 485 NW2d 866 (1992). Furthermore, it is unnecessary to assess the DNA evidence in this case under the more relaxed Supreme Court standard because it is determined here to be admissible under even the more rigorous *Davis-Frye* standard, *supra* at 262, n 17.

purpose under MRE 404(b), it must be relevant under MRE 402, the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403, and the trial court may, upon request, provide a limiting instruction to the jury. *VanderVliet, supra* at 74-75; *People v Basinger,* 203 Mich App 603, 605-606; 513 NW2d 828 (1994). The Supreme Court found that the test set forth in *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982), does not set the standard for the admissibility of other bad acts evidence, as defendant contends. *VanderVliet, supra* at 65-66. The Court noted, however, that with regard to identity evidence from prior similar acts, "*Golochowicz* identifies the requirements of logical relevance when the proponent is utilizing a *modus operandi* theory to prove *identity.*" *Id.* at 66. (Emphasis in *VanderVliet.*)

Defendant argues that two of the four requirements set forth in *Golochowicz* were not met. He first argues that there was no "special quality or circumstance" linking the prior act and the present offense in this case. We disagree. Both the prior and present acts involved the perpetrator's entry into a home when the woman was alone and the door was unlocked. Contrary to defendant's assertion, all three acts involved a struggle. In all three cases, the victims lived within walking distance of defendant's residence and, although each case involved the removal of clothing, sexual intercourse did not occur. There was violence against all the victims resulting in injuries above the waist, including the neck. Furthermore, after viewing the photographs of all three victims, the trial court concluded that the victims were similar in appearance.

Defendant further argues that the "fourth test" under *Golochowicz* was not satisfied because the

evidence was more prejudicial than probative. We disagree. As the trial court noted, the prosecutor presented other evidence to establish identity. Furthermore, the trial court admonished the jurors with respect to their consideration of the evidence. Before the jury heard this testimony, the court issued a cautionary statement to the jury not to consider the evidence in terms of characterizing defendant as a "bad person," likely to have committed the immediate offense, but only in terms of whether it contributed to the identification of the defendant. Thus, we do not believe that evidence of the prior acts was given undue weight by the jury. Accordingly, we conclude that under either *VanderVliet* or *Golochowicz* the evidence was admissible. The trial court did not abuse its discretion in admitting the prior acts evidence.

Defendant further argues that there was insufficient evidence to establish that he was the perpetrator of the crimes. We disagree. To determine whether sufficient evidence has been presented, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515-516; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). In this case, the prosecutor produced sufficient evidence that defendant abducted and killed Bandfield. The prosecutor produced evidence of matching undergarments, tire tracks, and shoe prints. An eyewitness testified that the vehicle used in the abduction bore a white plate with dark lettering, which matched the license plate on a vehicle belonging to defendant's mother. Additionally, the victim's body was found on the Chardell Golf Course. Evidence was presented that golf-related objects, including a

pencil with "Chardell GC" printed on it, were found inside the vehicle belonging to defendant's mother. There was also evidence presented regarding DNA test results, as well as the very similar offenses previously committed by defendant against two women who were alone in their homes. We believe that after having considered this and other evidence produced at trial, a rational trier of fact could have found that the essential elements of the crimes were proven beyond a reasonable doubt.

Defendant next argues that he was denied his right of confrontation and effective assistance of counsel when the trial court refused to permit defense counsel to cross-examine a prosecution witness regarding an alibi because of defense counsel's failure to file a notice of alibi. Defendant first claims that the trial court abused its discretion when it refused to allow him to cross-examine Deborah McMillan, defendant's sister-in-law, regarding his whereabouts on the night of the murder. In this case, Deborah McMillan was called as an adverse witness by the prosecution. When the defense began questioning McMillan about her grand-jury testimony regarding her observations on the night of the abduction, the prosecutor objected on the basis of defense counsel's failure to file a notice of alibi. The trial court sustained the prosecutor's objection and disallowed the questioning.

A trial court may exclude alibi evidence if the statutory notice is not given. *People v Travis,* 443 Mich 668, 677-680; 505 NW2d 563 (1993). We do not believe the trial court abused its discretion in excluding the testimony. Perhaps most importantly, we note the substantial evidence supporting defendant's guilt, as well as the lack of prejudice in excluding McMillan's testimony. Deborah

McMillan's grand-jury testimony included a statement that, although she knew defendant was at home the night of the abduction, at some point she did not know where he was between 9:30 P.M. and 2:00 A.M. At best, her testimony was vague about that night. Thus, there is no indication that she could have even provided an alibi.

Defendant next argues that, if the trial court did not abuse its discretion by refusing to admit McMillan's alibi testimony, he was denied effective assistance of counsel when trial counsel failed to file the notice of alibi. Defendant failed to move for a *Ginther* [3] hearing or a new trial on the basis of ineffective assistance of counsel. Therefore, this Court's review is limited to mistakes apparent on the record. *People v Hurst,* 205 Mich App 634, 641; 517 NW2d 858 (1994). To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant that it deprived the defendant of a fair trial. *People v Pickens,* 446 Mich 298; 521 NW2d 797 (1994). For the reasons previously stated, we do not believe that McMillan would have provided an effective alibi for defendant and thus, on the basis of the record, there is no showing that defendant was denied effective assistance of counsel.

Defendant further argues that he is entitled to a remand for an evidentiary hearing regarding his motion to suppress evidence. Defendant does not ask this Court to review the actual legal reasoning of the trial court, nor does he argue that it is clearly erroneous. Instead, defendant focuses on the trial court's failure to conduct an evidentiary hearing before its decision regarding the motion. A

---

[3] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

remand is not necessary in this case, however, because there was no dispute of fact but only legal questions at issue before the trial court. The only "fact" raised by defendant on appeal as being at issue is the fact that one police officer pointed out shoes to another police officer. However, defendant does not indicate how or why that fact would advance his position, nor does he point to any area in which further elucidation of the facts might advance his position. *People v Futrell,* 125 Mich App 568, 572; 336 NW2d 834 (1983).

Affirmed.