# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 16, 2016

Plaintiff-Appellee,

v

No. 320467
Wayne Circuit Court
LC No. 13-008659-FC

WILLIAM KEITH HAYGOOD,

Defendant-Appellant.

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felonious assault, MCL 750.82, assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), possession with the intent to deliver or manufacture less than five kilograms of marijuana, MCL 333.7401(2)(d)(iii), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.224b. Defendant was sentenced, as a third habitual offender, MCL 769.11, to time served for his felonious assault, assaulting, resisting, or obstructing a police officer, and possession with intent to deliver or manufacture less than five kilograms of marijuana convictions, 14 months to 5 years' imprisonment for his felon in possession of a firearm conviction, and two years' imprisonment for his felony-firearm conviction. We affirm.

Defendant contends that insufficient evidence was presented to convict him of felonious assault, felon in possession of a firearm, and felony-firearm because he did not possess a gun. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011), citing *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecutor and determine whether any trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005), citing *People v Bulls*, 262 Mich App 618, 623; 687 NW2d 159 (2004). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), citing *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993). Additionally, this Court should not

-1-

interfere with the fact-finder's role of determining the weight of evidence or the credibility of witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012), citing *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Bosca*, __ Mich App __, __; __ NW2d __ (2015); slip op at 8, citing *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). A pistol or other firearm is a dangerous weapon. *Bosca*, __ Mich App at __; slip op at 8, citing MCL 750.226.

Detroit Police Officers Reginald Dyas and Sean Hochradel testified that while they were conducting surveillance at 6418 Vancourt, they saw defendant walk out of the house and walk across the street with an AK-47. After going to the house across the street, defendant walked to the middle of the road and had a .357 magnum revolver in his right hand. After a few seconds, defendant began to run at Officer Dyas's unmarked police vehicle and pointed the gun at Officer Dyas's police vehicle twice while running. As such, a rational trier of fact could find that defendant assaulted Officer Dyas with a .357 magnum revolver, a dangerous weapon. Defendant contends that there was insufficient evidence because Officer Dyas's testimony that defendant had a gun was not credible and because there was no fingerprint evidence to prove that defendant was actually in possession of a gun. However, these challenges relate to the weight and credibility of the evidence and this Court will not interfere with the fact-finder's role of determining the weight of evidence of the credibility of witnesses. *Eisen*, 296 Mich App at 331, citing *Kanaan*, 278 Mich App at 619. Therefore, sufficient evidence was presented to establish defendant assaulted Officer Dyas with a .357 magnum revolver, a dangerous weapon.

Sufficient evidence was presented to convict defendant of felon in possession of a firearm and felony-firearm. The felon in possession of a firearm statute prohibits a person convicted of a felony from possessing a firearm. *People v Dupree*, 284 Mich App 89, 120; 771 NW2d 470 (2009), citing MCL 750.224f. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Bosca*, __ Mich App at __; slip op at 9, quoting *Avant*, 235 Mich App at 505. Possession encompasses both actual and constructive possession, and can be established by circumstantial evidence of either. *People v Burgenmeyer*, 461 Mich 431, 437; 606 NW2d 645 (2000).

As stated above, evidence was presented that defendant ran toward Officer Dyas's car and pointed a .357 magnum revolver at Officer Dyas's car twice while defendant was running. Further, when Officer Dyas ran after defendant, Officer Dyas saw defendant throw the .357 magnum revolver in a vacant field. The parties stipulated that defendant had been previously convicted of a felony. Accordingly, a rational trier of fact could find that defendant was in possession of a firearm and that defendant was a convicted felon. As such, sufficient evidence was presented to convict defendant of felon in possession of a firearm. Because sufficient evidence was presented to establish that defendant possessed a firearm during the commission of felonious assault and felon in possession, sufficient evidence was also presented to convict defendant of felony-firearm.

Defendant also contends that insufficient evidence was presented to convict him of possession with intent to deliver or manufacture less than five kilograms of marijuana because no evidence was presented that defendant actually possessed the marijuana. We disagree.

The elements of possession with intent to deliver marijuana are: (1) the defendant knowingly possessed a controlled substance, (2) the defendant intended to deliver the substance to someone else, (3) the substance possessed was marijuana, and (4) the substance was in a mixture that weighed less than 5 kilograms. *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005), citing MCL 333.7401(2)(d)(iii). Possession may be actual or constructive. *People v Wolfe*, 440 Mich 508, 520; 489 NW2d 748 (1992), citing *People v Harper*, 365 Mich 494, 506-507; 113 NW2d 808 (1962). Constructive possession exists if the defendant knew that the substance was present and had the right to exercise control over it. *Wolfe*, 440 Mich at 520. Said differently, constructive possession exists if "the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id*. at 521. While Officers Dyas and Hochradel were conducting surveillance of the house, they saw a lot of foot traffic and believed drugs were being sold out of the house and saw defendant leave the vacant house. When Detroit Police Officers Paul West and Hochradel went inside the vacant house, 1.74 grams of marijuana were found in 28 Zip-loc bags, on the dining room table. A rational trier of fact could find that defendant knew the marijuana was present and had the right to exercise control over it as the marijuana was on the kitchen table inside the vacant house defendant was seen leaving. A rational trier of fact could find there was a sufficient nexus between the marijuana and defendant to conclude that defendant had constructive possession of the marijuana. Although there were no fingerprints on the bags of marijuana to establish defendant was in actual possession of the bags of marijuana and nobody saw defendant in actual possession of the marijuana, a rational trier of fact could find that defendant constructively possessed the marijuana. *Wolfe*, 440 Mich at 520, citing *Harder*, 365 Mich at 506-507. Therefore, when viewed in the light most favorable to the prosecution, sufficient evidence was presented to convict defendant of possession with intent to deliver or manufacture less than five kilograms of marijuana.

Defendant next asserts he was denied the effective assistance of counsel on multiple grounds. We disagree.

A timely motion for a new trial, raising the issue of ineffective assistance of counsel, is sufficient to preserve the issue for appellate review. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000), citing *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994). Defendant timely filed a motion for a new trial which raised the issue of ineffective assistance of counsel on the basis that counsel was ineffective for failing to request fingerprint analysis of the gun and for advising and convincing defendant not to testify. Those two issues are preserved.

When a defendant does not move for a *Ginther*[1] hearing or a new trial on the basis of ineffective assistance of counsel, appellate review is limited to mistakes apparent on the record. *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001), citing *Hurst*, 205 Mich

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

App at 641. Defendant did not raise the issue that counsel was ineffective for failing to move to suppress evidence of the .357 magnum revolver in a timely motion for a new trial. Thus, the issue is not preserved. Therefore, appellate review of this issue is limited to mistakes apparent on the record. *Rodgers*, 248 Mich App at 713-714, citing *Hurst*, 205 Mich App at 641. Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). A trial court's findings of fact are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Trakhtenberg*, 493 Mich at 51. To establish ineffective assistance of counsel, the defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id.* at 81. Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise. *Eisen*, 296 Mich App at 329, citing *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). A defendant must also overcome a strong presumption that the assistance of his counsel was sound trial strategy. *People v Sabin*, 242 Mich App 656, 659; 620 NW2d 19 (2000). This Court will not substitute its judgment for trial counsel regarding trial strategy. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Counsel is not required to raise meritless or futile objections. *Eisen*, 296 Mich App at 329, citing *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004).

Defendant first contends he was denied the effective assistance of counsel when he failed to request a fingerprint analysis on the revolver. Defense counsel's decision not to pursue fingerprint analysis of the gun is sound trial strategy because the analysis could have potentially revealed that defendant's fingerprints were, in fact, the only prints on the gun and marijuana, which would have certainly been more damaging to defendant's case. As such, defendant cannot overcome the strong presumption that counsel's assistance was sound trial strategy. *Sabin*, 242 Mich App at 659. Therefore, defense counsel's performance did not fall below an objective standard of reasonableness in this regard.

Defendant also contends that he was denied the effective assistance of counsel because counsel advised and convinced defendant not to testify at trial. This Court has held that advising a defendant not to testify is presumed to be sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). This Court will not substitute its judgment for trial counsel regarding trial strategy. *Unger*, 278 Mich App at 242-243. Defendant has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness by advising defendant not to testify. Further, defense counsel was not ineffective for not allowing defendant to testify as "the ultimate decision whether to testify at trial remains with the defendant," not defense counsel. *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). The record indicates that the trial court informed defendant of his absolute right to testify. Defendant then informed the trial court that he did not want to testify. Accordingly, defendant has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness for advising and convincing defendant not to testify at trial.

Lastly, defendant asserts he was denied the effective assistance of counsel when counsel failed to suppress evidence of the gun because it was "clearly tainted" because "there was no fingerprint analysis ever done on the alleged weapon." Defendant has not advanced any basis upon which counsel could have objected or why the evidence was improper. As such, defendant has not established that a motion to suppress would have been successful. Because counsel is not required to file meritless motions or make meritless objections, *Eisen*, 296 Mich App at 329, citing *Moorer*, 262 Mich App at 76, defense counsel's performance did not fall below an objective standard of reasonableness.

Defendant next argues that the trial court abused its discretion when it denied defendant's motion for a *Ginther* hearing. We disagree.

A trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Unger*, 278 Mich App at 216-217, citing *People v Mischley*, 164 Mich App 478, 481-482; 417 NW2d 537 (1987). An abuse of discretion occurs when the trial court chooses an outcome outside the principled range of outcomes. *Unger*, 278 Mich App at 217, citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

A defendant may be granted an evidentiary hearing if the record has not been sufficiently developed, and the defendant can show evidence of a factual dispute which might, if further developed, possibly be resolved in his favor. *People v McMillan*, 213 Mich App 134, 141-142; 539 NW2d 553 (1995). A remand is not necessary in this case because there was no dispute of fact; only legal questions were presented before the trial court. The facts were already established and the trial court was only required to determine the legal questions of whether counsel's performance fell below an objective standard of reasonableness and if defendant was prejudiced when counsel failed to request fingerprint analysis on the revolver and when counsel advised and convinced defendant not to testify. Defendant did not argue that a development of the record was needed, rather, defendant argued that there can be no justification for the various acts of trial counsel and those acts rendered counsel constitutionally ineffective. Defendant also failed to provide the trial court any specifics on what additional facts might be developed at a *Ginther* hearing. Because defendant did not show evidence of a factual dispute which might, if further developed, possibly be resolved in his favor, *McMillan*, 213 Mich App at 141-142, the trial court did not abuse its discretion when it denied defendant's motion for a *Ginther* hearing.

Affirmed.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Karen Fort Hood

-5-