# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KERRY JAMAR-JONES DOTSON,

      Defendant-Appellant.

UNPUBLISHED
August 23, 2016

No. 325417
Washtenaw Circuit Court
LC No. 14-000371-FH

Before: OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant, Kerry Jamar-Jones Dotson, appeals as of right his convictions of larceny in a building, MCL 750.360; uttering and publishing, MCL 750.249; and forgery, MCL 750.248. We affirm.

Defendant first argues that the trial court imposed a departure sentence for his larceny in a building conviction without stating substantial and compelling reasons. Defendant bases his entire argument on the premise that the trial court failed to independently calculate the guidelines for his larceny in a building conviction. Defendant contends that had the trial court applied the same offense variable (OV) and prior record variable (PRV) scores it calculated for defendant's uttering and publishing conviction to defendant's larceny in a building conviction, the trial court would have realized it was imposing a departure sentence. However, defendant's sentence was not a departure. Under the sentencing guidelines, when imposing concurrent sentences, the trial court only needs to determine the recommended minimum sentence range for the crime of the highest crime class. *People v Mack*, 265 Mich App 122, 127-128; 695 NW2d 342 (2005). A trial court is "not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly scored and sentenced the defendant on the conviction with the highest crime classification." *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014), citing *Mack*, 265 Mich App at 126-130.

In this case, the guidelines were calculated at 12 to 48 months for defendant's uttering and publishing conviction, a Class E offense. MCL 777.16n. Defendant does not challenge the scoring of the guidelines for uttering and publishing or the calculated OV and PRV scores. Defendant's entire argument is based on his independent calculation of the sentencing guidelines for larceny in a building, which is a Class G offense, MCL 777.16r. Because the trial court correctly scored the guidelines range for the highest-class offense and defendant does not

challenge that scoring, the trial court was not required to independently score the sentencing guidelines range for larceny in a building. *Lopez*, 305 Mich App at 690. Thus, defendant's sentence was not a departure, and the trial court was not required to state substantial and compelling reasons for the sentence it imposed. Because defendant's sentence was not a departure and defendant does not challenge the scoring of the uttering and publishing guidelines, we affirm defendant's sentence for larceny in a building. See *People v Schrauben*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 323170, issued January 26, 2016); slip op at 6.

Defendant next argues in his Standard 4 brief that he was denied the effective assistance of counsel by his counsel's failure to communicate a plea offer before trial. We review defendant's claim for mistakes apparent on the lower court record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). The right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v Cooper*, ___ US ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012). To establish ineffective assistance of counsel, defendant must show:

> (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. [*People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).]

Defendant bears the burden of establishing the factual predicate for his ineffective assistance of counsel claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Burt v Titlow*, ___ US ___; 134 S Ct 10, 17; 187 L Ed 2d 348 (2013) (citation and quotation marks omitted).

In this case, defendant has failed to establish the factual predicate of his claim. Defendant supports his claim with his affidavit in which he avers that he was never informed of a plea offer. Because this Court's review is limited to mistakes apparent from the lower court record, *Lockett*, 295 Mich App at 186, defendant's affidavit cannot be considered, *People v Seals*, 285 Mich App 1, 21; 776 NW2d 314 (2009). Turning to the lower court record, defendant only cites to one portion of the lower court record to support his claim, the sentencing hearing. The cited portion of the lower court record was simply where the prosecution stated that an offer was made in this case. There is no evidence in the cited portion of the record or in the other transcripts contained within the lower court record that defendant was not informed of a plea offer. Because the absence of evidence is insufficient to overcome the strong presumption of effective assistance, *Burt*, ___ US at ___; 134 S Ct at 17, defendant has failed to establish the factual predicate of his claim that counsel was deficient for not consulting defendant about withdrawing the plea or for failing to explain the sentencing guidelines, *Carbin*, 463 Mich at 600.

Addressing defendant's request that this Court remand for a *Ginther* hearing, in light of defendant's statements at sentencing and in his presentencing investigation interview, defendant cannot establish that the outcome of the plea process would have been different even assuming that defendant was not informed. *Lafler*, ___ US at ___; 132 S Ct at 1384. Thus, remand for a *Ginther* hearing is not warranted because defendant has failed to show a factual dispute or "point

to any area in which further elucidation of the facts might advance his position." See *People v McMillan*, 213 Mich App 134, 142; 539 NW2d 553 (1995).  Therefore, remand is not warranted.

Affirmed.


/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro