# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DORREON DA-VONDRE MCBRIDE,

        Defendant-Appellant.

UNPUBLISHED
January 23, 2018

No. 333637
Wayne Circuit Court
LC No. 15-006643-01-FC

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

At defendant's first trial in December 2015, a jury convicted him of carrying a concealed weapon (CCW), MCL 750.227, but was unable to reach a verdict on additional charges of first-degree premediated murder, MCL 750.316(1)(a), assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. At a second trial in May 2016, another jury convicted defendant of the remaining three charges. Defendant appeals as of right, and we affirm.

Defendant's convictions arise from the June 22, 2015 shooting death of Paul Mitchell, who was shot while driving his Ford Explorer in Detroit. Shortly before the shooting, several residents were playing outside and lighting fireworks. One of the fireworks landed near a group of men, which led to an altercation between the group of men and the residents outside. Several witnesses, including Otis Parker, identified defendant as a member of the group of men, and said defendant was confrontational and displayed a firearm during the altercation. After the altercation ended and the group walked away, Mitchell left in his vehicle to drive to the store, with Parker as a passenger. After driving a short distance, Mitchell was shot while inside his vehicle. Parker saw the shooter and saw that he was wearing the same shirt as the man who displayed the gun during the earlier altercation. His description of the shooter's clothing also matched the witnesses' descriptions of the clothing defendant was wearing at the time of the earlier altercation. Kevin Corley, who served time in jail with defendant before defendant's trial, testified that defendant admitted to him that he committed the crime and was the shooter. According to Corley, defendant told him that Parker was the intended target. Defendant presented an alibi defense and claimed that he was taking a nap at his girlfriend's house at the time of the shooting.

-1-

## I. RULE OF COMPLETENESS

Defendant argues that the trial court erred by refusing to admit his entire police interview under the rule of completeness, MRE 106, after (1) the court allowed the prosecutor to introduce defendant's telephone number from the biographical portion of defendant's pre-interview, and (2) the prosecutor used selected portions of defendant's interview for impeachment during defendant's cross-examination at trial.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. Any preliminary questions of law are reviewed de novo. *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). To the extent defendant argues that refusal to admit his entire statement violated his constitutional rights, because defendant did not raise this constitutional argument at trial, his constitutional claim is unpreserved and review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

MRE 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

As explained in *People v Herndon*, 246 Mich App 371, 411 n 85; 633 NW2d 376 (2001),

> MRE 106 does not automatically permit an adverse party to introduce into evidence the rest of a document once the other party mentions a portion of it. Rather, MRE 106 logically limits the supplemental evidence to evidence that "ought in fairness to be considered contemporaneously with it."

Initially, we conclude that defense counsel waived any argument that the rule of completeness required admission of defendant's entire statement. At trial, the prosecutor sought to introduce defendant's telephone number to provide a foundation for later testimony analyzing defendant's cell phone records. In response, defense counsel did not seek to admit the substance of defendant's statement, but instead sought to introduce additional biographical information that defendant had provided before his interview. However, defense counsel ultimately expressed that defendant intended to testify and that the information could be introduced through his testimony.[1] As a result, defense counsel agreed that it was not necessary to introduce additional portions of defendant's interview as part of the prosecutor's introduction of defendant's phone number. By so agreeing, counsel waived any argument that the rule of completeness required the admission of additional portions of the interview. *People v McDonald*, 293 Mich App 292, 295; 811 NW2d 507 (2011).

---

[1] The record does not support defendant's claim that he did not want to testify, but was forced to do so by the trial court's ruling.

We likewise reject defendant's argument that the trial court erred by not allowing him to admit his entire interview after the prosecutor used portions of it for impeachment. Although defendant requested admission of his entire interview when the prosecutor sought to introduce a portion to impeach defendant's inconsistent trial testimony regarding hearing gunshots on the night of the offense, he never explained below why admission of his entire statement was necessary to fairly consider the portions introduced by the prosecutor. Even on appeal, defendant fails to explain why fairness required the admission of his entire statement. Accordingly, defendant has not demonstrated that the trial court abused its discretion by denying his request to admit his entire statement under MRE 106.[2]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that he was denied his right to the effective assistance of counsel. Because defendant did not raise this issue in the trial court and this Court denied his motion to remand, our review is limited to mistakes apparent from the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced defendant that he was denied his right to a fair trial. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). Defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). To establish prejudice, defendant must show a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996). Defendant has the burden of establishing factual support for his claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

## A. FAILURE TO CHALLENGE THE IDENTIFICATION TESTIMONY

Defendant argues that defense counsel was ineffective for not challenging the witness identification testimony in the following manners: (1) not appealing the trial court's decision denying his motion to quash the information, (2) failing to move to suppress the in-court identifications made by two witnesses, Ayanna Williams and Jacquelyn Williams, and (3) failing to move for a directed verdict based on insufficient identification testimony. We reject each of these arguments.

Defendant unsuccessfully argued in a motion to quash that the testimony at the preliminary examination was insufficient to connect him to the charged offenses and identify him as the shooter. The testimony at the preliminary examination was consistent with the

---

[2] Defendant cites *People v Shafier*, 483 Mich 205; 768 NW2d 305 (2009), in support of his argument that the prosecutor violated his Fifth Amendment rights by cross-examining him on his failure to give his exculpatory story to the police. *Shafier* holds that it is improper for a prosecutor to reference a defendant's post-arrest, post-*Miranda* silence. *Id.* at 212-213. Here, defendant admitted that he voluntarily spoke with the police, so the rule from *Shafier* does not apply.

testimony at trial identifying defendant as the person who displayed a gun during the earlier altercation shortly before the shooting, and describing the clothing defendant was wearing during that earlier altercation, and the clothing of the shooter, which matched the descriptions of defendant's clothing at the time of the earlier altercation. This evidence and reasonable inferences arising from the evidence supported defendant's identification as the shooter. Accordingly, there is no merit to defendant's argument that the trial court erred in denying his motion to quash, and any appeal would have been futile. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also asserts that defense counsel was ineffective for not moving to suppress the identifications made by Ayanna and Jacquelyn, whom he contends identified him only after viewing "YouTube" videos. However, defendant fails to provide any argument or law in support of his position that viewing the YouTube video rendered the witnesses' identification testimony inadmissible. Defendant cannot merely announce his position and leave it to this Court to discover and rationalize the basis for his claim. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).[3]

We also reject defendant's argument that counsel was ineffective for not moving for a directed verdict on the ground that the evidence was insufficient to identify him as the shooter. The evidence was sufficient. Further, because a directed verdict motion is not necessary to preserve a challenge to the sufficiency of the evidence on appeal, *People v Wolfe*, 440 Mich 508, 516 n 6; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992), and defendant has presented such a challenge on appeal, defendant was not prejudiced by counsel's failure to make such a motion.

## B. DEFENDANT'S REMAINING INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENTS

Defendant argues that defense counsel was ineffective for failing to investigate and call witnesses, such as Niko Evans, who may have seen the shooting, failing to object to Parker's identification of defendant in court, failing to object to the prosecutor's arguments regarding Niko Evans, failing to properly advise him on whether to testify, and failing to properly prepare him to testify. However, the record does not show that Parker ever identified defendant in court as the shooter. Further, defendant does not identify the specific arguments by the prosecutor that he believes were improper, thereby preventing this Court from reviewing this argument. *Kelly*, 231 Mich App at 640-641.

---

[3] We note that a pretrial identification procedure violates a defendant's right to due process if the procedure was so suggestive under the totality of the circumstances that it led to a substantial likelihood of misidentification. *People v Gray*, 457 Mich 107, 111; 577 NW2d 92 (1998). To implicate due process, however, the suggestive pretrial identification procedure must have been the result of improper state conduct. *Perry v New Hampshire*, 565 US 228, 245; 132 S Ct 716; 181 L Ed 2d 694 (2012). In this case, there is no suggestion that viewing the video was initiated by the police or other state actors.

Defendant's remaining arguments also are not supported by the existing record. Although defendant asks this Court to remand for an evidentiary hearing on his remaining arguments, he has not established any factual support to justify a remand. Indeed, while defendant asserts that he has had difficulty obtaining necessary information from trial counsel, defendant has not submitted an affidavit from Niko Evans or any other witness showing that they could have provided favorable testimony at trial. Nor has defendant provided an affidavit explaining what improper advice counsel provided to him or how counsel prepared him for his testimony. This could have been provided without trial counsel's file. Furthermore, after defendant filed his brief on appeal, he filed a motion to remand indicating that he had since received trial counsel's file, yet he still did not identify or offer any further factual support for his assertions. Accordingly, defendant has not shown that remand for an evidentiary hearing is warranted. See *People v McMillan*, 213 Mich App 134, 141-142; 539 NW2d 553 (1995); *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985).

## III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the evidence at trial was insufficient to support his convictions. In reviewing a challenge to the sufficiency of the evidence in support of a conviction, this Court reviews the evidence de novo, viewing it in a light most favorable to the prosecution, to determine whether a rational trier of fact could have found that the essential elements of the charged crime were proved beyond a reasonable doubt. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006); *People v Schaw*, 288 Mich App 231, 233; 791 NW2d 743 (2010).

Defendant does not dispute that the evidence was sufficient to prove the elements of the charged crimes. He argues only that the evidence was insufficient to identify him as the person who committed those crimes, i.e., as the shooter. Identity is an essential element of every offense, *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), and positive identification by a single witness can be sufficient to support a conviction, *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The credibility of identification testimony is for the trier of fact to resolve and this Court will not resolve the issue anew. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); *Davis*, 241 Mich App at 700.

Parker testified that he saw the shooter. Although Parker was unable to identify defendant, he was able to provide a description of the shooter, including the shooter's clothing, which included a black or dark shirt that had a symbol on it, possibly flames, in red, orange, and yellow. He also described the man as being about 5 feet 7 inches tall and in his early 20s. That description is consistent with defendant's height of 5 feet 8 inches and age of 21 years at the time of the offense. Parker's testimony must be viewed in conjunction with the testimony provided by Ayanna and Jacquelyn. They identified defendant as the person who displayed a gun and threatened the family during the altercation shortly before the shooting, and their descriptions of defendant's physical appearance and clothing matched Parker's description of the shooter. This evidence, and reasonable inferences arising from the evidence, was sufficient to identify defendant as the shooter beyond a reasonable doubt.

Moreover, in addition to the identification testimony from Ayanna, Jacquelyn, and Parker, the prosecution presented Kevin Corley, who testified that defendant admitted

committing the crime and intentionally targeting Parker. According to Corley's account, defendant provided information that was consistent with other evidence in the case, including the use of a nine millimeter handgun and that defendant was wearing a black shirt with red, orange, and yellow flames on it. Although defendant argues that Corley's testimony was not credible, the credibility of his testimony was for the jury to resolve and this Court will not resolve it anew.

In sum, viewing the evidence in a light most favorable to the prosecution, and resolving the credibility of the witnesses in favor of the prosecution, the evidence was sufficient to establish defendant's identity as the shooter beyond a reasonable doubt.

## IV. DEFENDANT'S STANDARD 4 BRIEF

Defendant argues that defense counsel was ineffective for failing to call Niko Evans and Ojaane Simpson as witnesses. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Counsel will be found ineffective only if the strategy employed was not sound or reasonable. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). A defendant must overcome the strong presumption that his attorney exercised sound trial strategy. *Davis*, 250 Mich App at 368. Generally, a defendant cannot establish ineffective assistance of counsel without testimony from trial counsel explaining why a witness was not called. *People v Rockey*, 237 Mich App 74, 77; 601 NW2d 887 (1999).

At trial, the officer in charge testified that Evans was arrested for traffic warrants and interrogated as a suspect in this case; he identified Dorian Lyles as the shooter. Evans's vehicle was observed on surveillance recordings from this incident. Accordingly to Corley, defendant said that another vehicle was used to block Mitchell's vehicle. The prosecutor's theory at trial was that Evans was also involved in the offense and used his vehicle to block Mitchell's vehicle, thereby enabling defendant to shoot at Mitchell's vehicle. Therefore, the prosecutor argued, Evans had a motive to provide false information to the police.

It is apparent from the record, and the jury was aware, that the police investigated Evans. Although Evans identified Lyles as the shooter, that identification was not supported by other evidence. In addition, Jacquelyn testified that she saw Lyles at the scene, but he did not have a gun. Considering that Evans's identification of Lyles as the shooter was not supported by other evidence in the case, and that Evans was considered an additional suspect in the case who would have a motive to provide false testimony, defense counsel had legitimate reasons to not call Evans as a witness. Furthermore, it is not apparent from the record that Evans was even available, let alone willing to testify, whether called by the prosecution or defendant. At defendant's first trial, the trial court held a due diligence hearing regarding the prosecution's efforts to produce Evans as a witness. The court found that Evans could not be produced despite the prosecution's exercise of due diligence. Defendant has not provided any offer of proof showing that Evans was available and willing to testify at defendant's second trial. In light of this record, defendant has failed to establish that counsel's failure to call Evans as a witness was objectively unreasonable, or that it deprived defendant of a substantial defense.

Defendant also complains that defense counsel was ineffective for not calling Simpson, who he maintains was an eyewitness. Defendant asserts that defense counsel was aware of Simpson, but declined to call her because she was too young to be believed. Defendant has not provided an offer of proof showing what testimony Simpson could have provided. Without factual support for this argument, defendant is unable to establish that counsel's failure to call Simpson as a witness deprived him of a substantial defense, and he has not shown that remand for an evidentiary hearing is warranted.

Lastly, defendant argues that defense counsel was ineffective for not investigating a tip the police received through Crime Stoppers of Michigan ("Crime Stoppers"), which identified Lyles as the shooter. "A defendant is entitled to have his counsel investigate, prepare and assert all substantial defenses," *People v Hubbard*, 156 Mich App 712, 714; 402 NW2d 79 (1986), and failure to conduct a reasonable investigation can constitute ineffective assistance of counsel, *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005).

The record does not disclose what efforts counsel made to investigate the Crime Stoppers tip. The record also does not disclose the identity of the person who provided the Crime Stoppers tip, which is generally confidential. Although defendant suggests that defense counsel knew the identity of the tipster, he has not provided any factual support for that assertion. However, Lyles's identification as the shooter was explored at trial. The police investigated Lyles, but determined that other evidence did not support his identification as the shooter. Jacquelyn identified Lyles as a person who was present at the altercation shortly before the shooting, but said he was not the person arguing with her family and he did not have a gun.

Because defendant has not submitted any evidence indicating that the identity of the tipster was known, defendant cannot establish that defense counsel performed deficiently by failing to call the tipster as a witness. In addition, because the record indicates that the jury otherwise was informed that Lyles had been named as a shooter, and this issue was explored at trial, defendant has not shown that failure to call the tipster deprived him of a substantial defense. Defendant has also failed to provide any offer of proof to justify remanding this case for an evidentiary hearing on this issue. *McMillan*, 213 Mich App at 141-142; *Simmons*, 140 Mich App at 685.

Affirmed.


/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien