## PEOPLE v TOMMOLINO

Docket No. 119195. Submitted November 13, 1990, at Detroit. Decided
    January 9, 1991, at 9:10 A.M. Leave to appeal sought.

Andrew J. Tommolino was convicted in the Recorder's Court for
    the City of Detroit, Michael F. Sapala, J., of unarmed robbery
    and breaking and entering an occupied dwelling with the
    intent to commit larceny. The defendant moved for a new trial,
    claiming that he was denied the effective assistance of counsel
    because his trial counsel failed to interview and subpoena two
    alibi witnesses prior to trial, failed to move the trial court to
    adjourn the trial when the alibi witnesses failed to appear at
    trial, and advised the defendant not to testify on his own
    behalf. The court denied the defendant's motion, finding that
    the claimed instances of ineffective assistance involved matters
    of trial strategy. The defendant appealed.

    The Court of Appeals held:

    To establish a claim of ineffective assistance of counsel, a
defendant must show that counsel's performance was deficient
and that, under an objective standard of reasonableness, coun-
sel made an error so serious that counsel was not functioning
as an attorney as guaranteed under the Sixth Amendment.
Moreover, the defendant must overcome the presumption that
the challenged action might be considered sound trial strategy,
and the deficiency must be prejudicial to the defendant.

    1. The defendant did not overcome the presumption that his
attorney's advice that he not testify on his own behalf might be
considered sound trial strategy.

    2. The failure to secure the presence of the witnesses at trial
did not by itself constitute the ineffective assistance of counsel.
It was reasonable for the attorney to rely on the defendant's
representations that he would secure the presence of the wit-
nesses.

    3. While the attorney's decision not to seek an adjournment
was, under the circumstances, unsound trial strategy, there
was no showing that the defendant was prejudiced by the
decision.

    Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for the defendant on appeal.

Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.

PER CURIAM. Defendant was convicted, following a bench trial, of unarmed robbery, MCL 750.530; MSA 28.798, and breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant was sentenced for the convictions to four years' probation, with the first one hundred days to be served in the county jail. He now appeals, and we affirm.

On appeal, defendant argues that he was denied the effective assistance of counsel by counsel's failure to interview and subpoena two alibi witnesses prior to trial, by counsel's failure to move the trial court to adjourn the trial when the alibi witnesses failed to appear at trial, and by counsel's advice to defendant not to testify on his own behalf. We disagree.

Prior to trial, defendant informed his counsel that two alibi witnesses could testify that he was elsewhere at the time of the crime, giving counsel the names and addresses, and perhaps the telephone numbers, of those witnesses. Apparently, trial counsel put the onus on defendant to have the witnesses come in to see him prior to trial and to secure the witnesses' presence at trial. On the day of trial, trial counsel having neither interviewed those witnesses nor subpoenaed them for trial, defendant appeared and informed his counsel

that one of the witnesses, his former fiancée, was upset with him and was not present at the courthouse. The other alibi witness, the ex-fiancée's stepsister, was apparently out of state on the day of trial.

Defendant and trial counsel then discussed the possibility of seeking an adjournment of the trial, and trial counsel advised against seeking an adjournment, rationalizing that he would then have to inform the trial court why an adjournment was sought and that such disclosure could potentially prejudice defendant's interests inasmuch as defendant was scheduled to be tried without a jury. Accordingly, the matter proceeded to trial, and the prosecutor presented one witness, the victim. Since defendant was known to the victim, identification was not at issue and the case revolved around a determination whether the crime had, in fact, occurred or whether the victim was fabricating the events for malicious purposes. Defense counsel cross-examined the witness, and thereafter the prosecutor rested his case. Defendant, on the advice of counsel, declined to testify on his own behalf. Trial counsel rested defendant's case without presenting any evidence. Following closing argument, the trial court found defendant guilty of the charges.

Following his conviction, defendant moved for a new trial, and a hearing was held regarding defendant's claim of ineffective assistance of counsel. The trial court first rejected defendant's claim of ineffective assistance of counsel concerning counsel's advice to defendant not to testify on his own behalf, citing this as trial strategy. The trial court then considered the claims concerning the alibi witnesses, and concluded that trial counsel reasonably relied upon defendant to secure the presence of the witnesses at trial and that trial counsel

decided to abandon the alibi defense when the witnesses failed to appear rather than seeking an adjournment, also as a matter of strategy.

To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. Moreover, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Second, the deficiency must be prejudicial to the defendant. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Stammer,* 179 Mich App 432, 438-439; 446 NW2d 312 (1989).[1]

Concerning trial counsel's advice to defendant not to testify on his own behalf, while this strategy is somewhat questionable in light of trial counsel's failure to present any defense, we must agree with the trial court that defendant has not overcome the presumption that the challenged action might be considered sound trial strategy. With regard to trial counsel's failure to interview the alibi witnesses prior to trial and, more importantly, trial counsel's failure to subpoena those witnesses, the issue becomes somewhat more problematic. On the one hand, we think it would have been reasonable for trial counsel to have served a subpoena on the witnesses to ensure their presence at trial or, at least, to bolster his request for an adjournment upon the witnesses' failure to appear at trial. On the other hand, the trial court raises an important point that defendant has an obligation to assist in

---

[1] As was discussed in *Stammer, supra* at 438-439, there has been some debate whether the decision in *Strickland* displaces the standard adopted by the Michigan Supreme Court in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). We agree with *Stammer* that it did.

his own defense and that it is to some extent reasonable for trial counsel to have relied on defendant's representations that he would secure the presence of the witnesses. Under these circumstances, we cannot conclude that trial counsel's failure to secure the presence of the witnesses at trial by itself constitutes ineffective assistance of counsel.

Trial counsel's shortcomings become more egregious when the issues of the failure to move for an adjournment and an abandonment of the alibi defense are considered. With the lack of the alibi witnesses at trial and no other defense to present beyond an attempt to attack the credibility of the victim's story through cross-examination, trial counsel's decision not to seek an adjournment represents unsound strategy. Trial counsel's rationalization that seeking an adjournment might have a deleterious effect in light of the fact that defendant had waived a jury trial does not stand up to scrutiny. In the first place, the primary objection by the trial court to the adjournment, had it been sought, presumably would have been focused at trial counsel's failure to subpoena the witnesses and, therefore, any wrath of the trial court presumably would have been directed at trial counsel rather than defendant. Indeed, this problem could have been avoided had counsel subpoenaed the witnesses. If he had done so and they failed to appear, counsel's request for adjournment would have been made in light of the failure to honor the subpoena.

Second, trial counsel testified at the evidentiary hearing that he was concerned that he would have to disclose to the trial court the fact that they could not be certain of the alibi witnesses' testimony given the dispute between defendant and his ex-fiancée. It is not entirely clear to us that that

would have to have been disclosed to the trial court, and, in any event, we fail to see how defendant's interests would have been harmed if such an explanation were presented properly. That is, it does not follow that the trial court would have concluded that defendant had unsuccessfully attempted to procure perjured testimony from alibi witnesses. Rather, the uncertainty °could be because of a falling-out between defendant and his ex-fiancée and it could no longer be certain if the ex-fiancée would cooperate and testify truthfully to defendant's benefit. (In fact, this appears to be the interpretation given by the trial court at the post-trial hearing.) Moreover, if those concerns by trial counsel were real, trial counsel thereafter could have sought to disqualify the trial judge or, in the alternative, reassert defendant's demand for a jury trial.

The trial court aptly summed up this issue in delivering its opinion from the bench at the evidentiary hearing in which defendant's motion for new trial was denied:

> I suppose an appellate court might say, well, under those circumstances the trial lawyer should, number one, move for an adjournment, number two, either move to disqualify that Judge or ask for a jury trial. And *I guess ideally that's what Mr. Nolan [defense counsel] should have done;* but does *Strickland,* under these circumstances, require that he do that? I don't think so. [Emphasis added.]

We do.

However, it is not sufficient under *Strickland* to merely conclude that counsel's performance was deficient. Rather, as indicated above, there must also be a showing that defendant was prejudiced. Here, there has been no showing of prejudice to

defendant. With one limited exception, there was no evidence presented at the posttrial hearing establishing that the alibi witnesses would have testified in favor of defendant had counsel secured their presence at trial. That one exception is that defendant testified at the hearing that he had spoken to his ex-fiancée after the trial and she indicated a willingness to come to court to testify concerning defendant's alibi. She was not, however, called to testify at the hearing. Had she testified at the hearing that she would have testified in favor of defendant at trial had she been subpoenaed, we could conclude that defendant was prejudiced by trial counsel's deficient performance. However, absent such a showing, we must conclude that defendant is not entitled to relief.[2]

Affirmed.

---

[2] Indeed, this case demonstrates the differences between *Garcia* and *Strickland.* Under *Garcia,* defendant would be entitled to relief since he could show that trial counsel did not perform at least as well as a lawyer with ordinary training and skill in the criminal law. *Garcia, supra* at 264-266; *Stammer, supra* at 438-439. However, since we conclude that *Strickland* has displaced *Garcia,* defendant is not entitled to relief, given the lack of a showing of prejudice.