## PEOPLE v COURTS

Docket No. 143751. Submitted March 16, 1994, at Grand Rapids. Decided May 16, 1994, at 9:50 A.M. Leave to appeal sought.

Adell Courts was convicted by a jury in the Oakland Circuit Court, Barry L. Howard, J., of one count of first-degree felony murder, four counts of armed robbery, one count of conspiracy to commit armed robbery, and six counts of possession of a firearm during the commission of a felony. He was sentenced to two years' imprisonment for the felony-firearm convictions and life imprisonment for the remaining convictions. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in admitting into evidence the results of deoxyribonucleic acid (DNA) identification testing.

2. A hospital room is a sufficiently public place such that the police lawfully may arrest a patient in a hospital room without a warrant where the arrest is supported by probable cause. The police in this case had probable cause to arrest the defendant in his hospital room without a warrant. The arrest was legal.

3. There was sufficient evidence of malice presented at the preliminary examination to support binding the defendant over on the charge of first-degree murder.

4. The defendant received effective assistance of trial counsel.

5. The evidence does not support the convictions with regard to three of the counts of armed robbery and the three felony-firearm counts relating thereto. The judgment must be modified by vacating those convictions, being counts III, IV, and IX through XII, and associated sentences. The remaining convictions and sentences are valid.

Affirmed as modified.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* and Adell Courts, in propria persona.

Before: Doctoroff, C.J., and Connor and E. E. Borradaile,* JJ.

Connor, J. A jury found defendant guilty of one count of first-degree felony murder, MCL 750.316; MSA 28.548, four counts of armed robbery, MCL 750.529; MSA 28.797, one count of conspiracy to commit armed robbery, MCL 750.157a; MSA 28.354(1), and six counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial court sentenced defendant to prison for two years for the felony-firearm convictions, to be followed by imprisonment for the rest of his life for the remaining convictions. Defendant appeals as of right. We modify the judgment and sentences, and affirm.

Defendant contends that the trial court erred in admitting the results of deoxyribonucleic acid (DNA) identification testing that linked him to the robbery and murder in question. It did not. *People v Adams,* 195 Mich App 267, 277; 489 NW2d 192 (1992), modified in part on other grounds 441 Mich 916 (1993).

Defendant argues that his arrest without a warrant in a hospital room was illegal. We disagree. In *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980), the Supreme Court ruled that the police may not make a nonconsensual entry into a person's home without a warrant in order to make a routine felony arrest. In *People v Oliver,* 417 Mich 366; 338 NW2d 167 (1983), our Supreme Court ruled that the police may not make a nonconsensual entry into a person's motel room without a warrant in order to make a routine felony arrest. We decline to extend this rule to hospital rooms.

Although patients in hospital rooms have some

* Circuit judge, sitting on the Court of Appeals by assignment.

legitimate expectations of privacy—that no one will search their bags or go through closets or drawers that are closed—those expectations are not similar in nature to the expectations of privacy people have about homes and motel rooms. A person legitimately expects to be able to keep the whole world outside his home just by keeping the door closed. A person legitimately expects to be able to keep the whole world, including motel staff, outside his motel room by keeping the door closed and by displaying a "Do Not Disturb" sign. However, doctors, nurses, and other hospital staff routinely go in and out of hospital rooms at all hours of the day and night without regard to the patients' wishes. Patients who are drugged or comatose, patients who are in critical condition or attached to life-support systems, patients who are frightened or depressed or young or old require monitoring. Indeed, any person who needs to be hospitalized requires monitoring. No one who had ever spent any time in a hospital room could continue to harbor any false expectations about his personal privacy or his ability to keep the world outside from coming through the door.

We hold that a hospital room is a sufficiently public place such that the police may lawfully arrest someone in his hospital room without a warrant when that arrest is supported by probable cause. Because the police had probable cause to arrest defendant, their arrest of him in his hospital room without a warrant was lawful.

Defendant claims that there was insufficient evidence of malice presented at his preliminary examination to support binding him over on the charge of first-degree murder. We disagree. Ralph Schultz was killed when he attempted to disarm defendant, who was robbing Schultz and his family at gunpoint. Defendant was the initial aggressor.

Consequently, he had no right to defend himself from Schultz' lawful counterattack. By struggling with Schultz over possession of the gun, defendant demonstrated a wanton and wilful disregard of the likelihood that the natural tendency of such a struggle would be death or serious bodily harm. *People v Aaron,* 409 Mich 672, 728; 299 NW2d 304 (1980).

Defendant also asserts that he was denied effective assistance of counsel. However, the record does not disclose any deficiency in the performance of defendant's attorney, nor does it demonstrate that defendant was prejudiced in any way by his counsel's performance. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991).

Finally, defendant contends that the convictions with regard to two of the counts of armed robbery and two of the counts of felony-firearm must be set aside because there is no evidence that any property was taken from the Schultzes' two children. See *People v McMichael,* unpublished opinion per curiam of the Court of Appeals, decided October 21, 1993 (Docket No. 139297). The prosecution concurs. Although not raised by defendant, it appears that defendant's conviction for the armed robbery of Ralph Schultz and the associated felony-firearm conviction must be set aside as well. See *id.* Accordingly, we modify the trial court's judgment by vacating defendant's convictions and sentences with regard to counts III, IV, and IX through XII.

Affirmed as modified.