# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 31, 2016

Plaintiff-Appellee,

v

No. 323713
Wayne Circuit Court

KELVIN MICHAEL DEQUAN COATS,

LC No. 14-003154-FC

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

A jury convicted defendant of carjacking, MCL 750.529a, armed robbery, MCL 750.529, unlawful imprisonment, MCL 750.349b, receiving or concealing a stolen motor vehicle, MCL 750.535(7), and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced him to concurrent prison terms of 17 to 30 years for the carjacking conviction, 17 to 30 years for the armed robbery conviction, 7-1/2 to 15 years for the unlawful imprisonment conviction, and 2-1/2 to 5 years for the receiving or concealing conviction, to be served consecutive to a prison term of 2 years for the felony-firearm conviction. Defendant appeals as of right, and we affirm.

On January 29, 2014, Walter Young was leaving a party store in Detroit when two men ran up behind him. The first man placed a gun to the back of Young's head and announced, "It's a stick-up." The second man went through Young's pockets and took his money, his wallet, and the keys to his van. Young was instructed to get inside the back of his van and the second man got into the driver's seat. The gunman sat in the front passenger seat and turned around to face Young while pointing the gun at him. The two men drove around for 40 to 45 minutes before letting Young out of the van. Throughout the entire ride, Young remained seated on the van's floor with a clear view of the gunman's face.

Young gave descriptions of both men to the police; however, he gave a more detailed description of the gunman because Young was able to view his face clearer while in the van. In April 2014, Young viewed two live lineups. He did not identify anyone in the first lineup. When shown the second lineup, Young identified defendant as the gunman involved in the incident.

## I. IDENTIFICATION

1

Defendant first argues that defense counsel was ineffective for not moving to suppress Young's identification testimony on the ground that it was tainted by an improper pretrial lineup. To establish ineffective assistance of counsel, defendant must show that (1) counsel's representation of defendant failed to meet an objective standard of reasonableness, and (2) this failure so prejudiced defendant that he was denied his right to a fair trial. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). To establish prejudice, defendant must show there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. *People v Johnnie Johnson, Jr*, 451 Mich 115, 124; 545 NW2d 637 (1996). To prevail, defendant must "overcome the presumption that the challenged action [or inaction] might be considered sound trial strategy." *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). Counsel will not be deemed ineffective for failing to bring a futile motion. *People v Darden*, 230 Mich App 597, 605; 585 NW2d 27 (1998). Even where a properly sought motion may have been granted, if counsel intentionally declines to bring such a motion in his or her sound legal judgment, counsel will not be deemed ineffective. *People v Reed*, 449 Mich 375, 399-400, 535 NW2d 496 (1995).

Defendant did not claim ineffective assistance of counsel before the trial court. Therefore, our review of this issue is limited to errors apparent from the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

Defendant correctly asserts that a pretrial identification procedure can violate a defendant's right to due process if it was so impermissibly suggestive in light of the totality of the circumstances that it led to a substantial likelihood of misidentification. *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993). Defense counsel argued in closing that there was no reason for defendant to be included in the lineup; however, counsel did not object to Young's testimony at trial introducing the lineup into evidence. Defendant claims this omission establishes ineffective assistance of counsel; yet, defendant cites no authority in support of his position that including him in the lineup was impermissibly suggestive and has not identified anything about the composition of the lineup or the manner in which it was conducted that would render the lineup improper. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195 (2009).

Young testified at trial that he was not told that the police had a suspect in custody, that he was not given any hints about who to select, and that he did not feel any pressure to identify any particular person. Indeed, he did not identify anyone in the first lineup he viewed, and he did not identify anyone as the second suspect involved in the offense. In light of this testimony, defendant has not presented any factual basis for concluding that the police lineup in this case was unduly suggestive or otherwise improper and any motion to suppress Young's testimony regarding the lineup would have been futile. This Court will not conclude that defense counsel was ineffective for failing to make a futile motion. *Darden*, 230 Mich App at 605.

## II. SUFFICIENT EVIDENCE

Next, defendant challenges the sufficiency of the evidence supporting his convictions. An appellate court reviews a challenge to the sufficiency of the evidence de novo, reviewing the

2

evidence in a light most favorable to the prosecution to determine whether there was sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v John Williams, Jr*, 268 Mich App 416, 419; 707 NW2d 624 (2005). Any conflicting evidence must be resolved in favor of the prosecution. *People v Jackson*, 292 Mich App 583, 587-588; 808 NW2d 541 (2011).

Defendant contends that Young's testimony identifying defendant as a perpetrator of the crime is the only evidence underlying his conviction. Defendant claims this evidence is insufficient to support his conviction because of inconsistencies between Young's testimony and prior descriptions to police and reasserts his claim that his inclusion in the lineup was improper.

Identity is an essential element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). As discussed above, the lineup was not impermissibly suggestive or otherwise improper and, even had defense counsel objected to its introduction, Young's testimony was properly received as evidence. Positive identification by a single witness may be sufficient to support a conviction. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000) ("positive identification of witnesses may be sufficient to support a conviction"); *People v Jelks*, 33 Mich App 425, 432-33; 190 NW2d 291 (1971) (upholding conviction based solely on a single witness's identification and testimony). As such, viewing the evidence in a light most favorable to the prosecution, Young's identification testimony, if credible, would be sufficient to support defendant's conviction.

Defendant claims that inconsistencies in Young's description of the suspects and events make his testimony as unbelievable. While Young's descriptions may have changed slightly over time, the credibility of Young's identification of defendant in light of these alleged inconsistencies was for the trier of fact to resolve. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); *Davis*, 241 Mich App at 700. "It is the jury's task to weigh the evidence and decide which testimony to believe." *People v Jones*, 115 Mich App 543, 553; 321 N.W.2d 723 (1982). That the jury in this case chose to believe Young's testimony, despite its inconsistencies, over the testimony of the defense witnesses is not grounds to overturn defendant's conviction.

Young testified at trial that he was 100 percent certain that the defendant was the gunman involved in the carjacking. Young testified that he had a clear view of the gunman's face and positively identified the defendant as the gunman from a proper lineup. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant was the gunman who committed the charged offenses.

## III. SCORING OF PRV 4 AND PRV 5

Defendant also argues that the trial court erred in scoring prior record variables 4 and 5 of the sentencing guidelines. Defendant preserved these scoring challenges by raising them in a motion to remand. *People v McChester*, 310 Mich App 354, 357; ___ NW2d ___ (2015), lv pending. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v*

3

*Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

Defendant challenges his ten-point score for PRV 4. A trial court properly assesses ten points for PRV 4 where "[t]he offender has 3 or 4 prior low severity juvenile adjudications." MCL 777.54(1)(c). A trial court properly assesses five points for PRV 4 where "[t]he offender has 2 prior low severity juvenile adjudications." MCL 777.54(1)(d). Defendant asserts that he has only two prior juvenile adjudications and should be assessed only five points for PRV 4.

Inter alia, a prior low severity adjudication describes conduct that would be "a crime listed in offense class E, F, G, or H" if committed by an adult. MCL 777.54(2)(a). Although the presentence investigation report (PSIR) identifies two prior offense dates, it indicates that there were two juvenile adjudications associated with one of the dates. The PSIR indicates a prior juvenile adjudication in November 2009 for receiving or concealing stolen property. The PSIR indicates a prior juvenile adjudication in March 2010 for receiving or concealing stolen property *and* fleeing or eluding a police officer. Both receiving and concealing offenses qualify as low severity juvenile adjudications because they involve conduct that would be classified as a class E offense if committed by an adult. MCL 777.54(2)(a); MCL 777.16z.

Whether the fleeing or eluding offense qualifies as a low severity juvenile adjudication depends on the degree of the offense. Third- or fourth-degree offenses are scored as low severity juvenile adjudications under PRV 4, *see* MCL 777.54(2)(a) and 777.12e, whereas a first- or second-degree offense would be scored as a high severity juvenile adjudication under PRV 3. *See* MCL 777.53(2)(a) and 777.12e. Defendant's sentencing information report (SIR) reflects that zero points were scored for PRV 3, thereby indicating the trial court considered defendant's fleeing or eluding offense a third- or fourth-degree offense rather than a first- or second-degree offense. Accordingly, defendant has three low severity juvenile adjudications and the trial court's assessment of ten points for PRV 4 was proper.[1] MCL 777.54(1)(c).

Lastly, there is no merit to defendant's argument regarding the scoring of PRV 5. Under PRV 5, an offender is scored two points for one prior misdemeanor and five points for two prior misdemeanors. MCL 777.55(1)(d)-(e). Defendant concedes that he has one prior misdemeanor

---

[1] Appellee's brief, filed shortly before oral arguments, agrees with Defendant's conclusion that PRV 4 should have been assessed at five points. However, the parties cannot stipulate to the law. See *Smitter v Thornapple Twp*, 494 Mich 121, 133 n 25; 833 NW2d 875 (2013). As we find that PRV 4 was appropriately scored, we decline to reverse on this issue.

4

conviction and argues that the trial court should have scored only two points, not five points, for PRV 5. However, the SIR shows that the trial court did assess only two points for PRV 5. Accordingly, there is no error.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens