# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
March 28, 2017

v

No. 330276
Menominee Circuit Court
LC No. 15-003723-FH

PAUL JOHN STROJNY,

       Defendant-Appellant.

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction following a jury trial of felonious assault, MCL 750.82. The weapon used in the assault was a knife.[1] The victim is Dennis Strojny, defendant's brother. Three witnesses, the victim and two responding officers, testified at the trial. The trial court sentenced defendant to serve 12 months in jail, with credit for 115 days served, and ordered him to pay $508 in fees and costs. Post sentencing, defendant moved the trial court for a new trial or *Ginther*[2] hearing. The trial court granted defendant's motion for a *Ginther* hearing but ultimately rejected defendant's claim of ineffective assistance of counsel. We affirm.

## I. EVIDENTIARY ISSUES

Defendant argues that the prosecutor engaged in misconduct in advancing evidence that he "mooched" off of his brother, as well as evidence of the gun found in Dennis's garage. Both arguments are unpreserved, and thus our review is for plain error. Plain error occurs when there was (1) error (2) that was "plain, i.e., clear or obvious" (3) that "affected substantial rights."

---

[1] To prove this charge of felonious assault, plaintiff had to presented evidence that defendant (1) "assault[ed] another" (2) "with a . . . knife," (3) "without intending to commit murder or to inflict great bodily harm less than murder." MCL 750.82. "Michigan generally defines an assault as either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Meissner*, 294 Mich App 438, 453-454; 812 NW2d 37 (2011) (quotation marks and citation omitted).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

*People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Further, even if plain, prejudicial error is shown, reversal is only warranted where it "resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Bennett*, 290 Mich App 465, 475-476; 802 NW2d 627 (2010) (quotation marks and citation omitted).

Issues of "prosecutorial misconduct are considered on a case-by-case basis . . . in context" to determine whether the "defendant was denied a fair and impartial trial." *Id.* at 475. "The defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). A conviction should only be reversed based on a finding of ineffective assistance when the trial was so unfair that "the resulting conviction [constituted] a denial of due process." *Donnelly v DeChristoforo*, 416 US 637, 643; 94 S Ct 1868; 40 L Ed 2d 431 (1974).

Evidence is relevant if it "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. If the evidence is not relevant, it is not admissible. MRE 402. If the evidence is relevant, but a court concludes "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," the evidence may be excluded. MRE 403. "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005).

The prosecutor foreshadowed the introduction of evidence regarding defendant's financial instability and frequent requests for money from his brother in his opening statement. He described defendant's frequent requests for money as "mooching." Defendant argues that the use of the term "mooching" was error. Evidence regarding this subject was introduced through the testimony of the victim. Dennis testified to defendant's presence at his home on the day of the assault. On that day, while he gave defendant food, alcohol and $25 dollars, he stated that he declined defendant's request to allow him to move into his home. Dennis also refused to give defendant his gun. Defendant's financial instability was relevant to the case in so far as it explained his presence at the victim's home and offered a motive for the crime. Further, the evidence was not substantially more prejudicial than probative. Thus, the prosecutor did not engage in misconduct by introducing such evidence.

Defendant also asserts that the admission of testimony regarding the gun was inflammatory. We disagree and conclude that admission of the testimony about how the gun fit into the circumstances of the assault did not constitute plain error. It was after Dennis's refusal to give defendant the gun that the assault occurred. Therefore, testimony regarding the gun was relevant. However, the relevance of admitting the gun as an exhibit, admitting photographs of the gun, and admitting the responding police officer's testimony about his investigation into the gun is questionable. Such evidence may be somewhat relevant to Dennis's credibility that a gun was on the scene, see *People v Fortson*, 202 Mich App 13, 17-18; 507 NW2d 763 (1993), and plaintiff has some "need for evidentiary richness and narrative integrity in presenting a case," *Old Chief v United States*, 519 US 172, 183; 177 S Ct 644; 136 L Ed 2d 574 (1997). Still, the probative value of such evidence to the facts of consequence is minimal at best.

However, defendant has failed to establish that this evidence, even if erroneously admitted, affected his substantial rights. The evidence of the crime came substantially from Dennis, as substantiated by physical evidence collected from the scene. Defendant's counsel questioned Dennis and offered argument that advanced defendant's theory that Dennis was not credible due to his health, consumption of alcohol and prescribed medication. The jury chose to reject that theory and accepted Dennis testimony, buttressed by the evidence from the responding officer regarding the crime scene.

The erroneous admission of evidence in these circumstances does not call one to question "the fairness, integrity, or public reputation of judicial proceedings." *Bennett*, 290 Mich App at 475-476 (quotation marks and citation omitted).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next asserts that he received ineffective assistance of counsel at trial. Defendant preserved this claim by "mak[ing] a motion in the trial court for a new trial or for an evidentiary hearing." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). "[W]hether a defendant had the effective assistance of counsel 'is a mixed question of fact and constitutional law.' " *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), quoting *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review the questions of law de novo and findings of fact for clear error. *Id*.

The right to counsel is the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674, reh den 467 US 1267 (1984); *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). This Court presumes effective assistance. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). The defendant alleging ineffective assistance bears the burden to prove otherwise. *Id*.

To prove ineffective assistance, the defendant must establish two things. First, the defendant must prove that "counsel's performance was deficient," meaning "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms." *People v Galloway*, 307 Mich App 151, 158; 858 NW2d 520 (2014), rev'd on other grounds 498 Mich 902 (2015) (quotation marks and citation omitted). Doing so requires the defendant to "overcome the strong presumption that 'counsel's conduct' . . . [was] sound trial strategy." *Id*. (quotation marks and citation omitted). Second, the defendant "must show that the deficient performance prejudiced" him. *Id*. (quotation marks and citation omitted). Prejudice occurs when "it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).

Defendant claims his trial counsel was ineffective for not allowing him to testify in his own defense, and for not objecting to defendant being characterized as a "mooch" and evidence related to Dennis's gun.

The Fifth, Sixth, and Fourteenth Amendments of the United States Constitution provide defendants with the right to testify in their own defense. *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). The decision to testify ultimately sits with the defendant. *Id*. But defense "counsel must advise a defendant of this right." *Id*. Any advice from counsel about

whether to testify is a strategic decision for defense counsel. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991).

The trial court made a fact-finding that defendant was reasonably informed of his right to testify and after being given both the pros and cons of giving testimony, made his own decision in this regard. This fact-finding is supported by the record at the *Ginther* hearing and is not clearly erroneous. Defendant testified at the *Ginther* hearing that he chose not to testify after being advised by trial counsel that at the close of the prosecutor's proofs, defendant had a "fifty-fifty shot" of acquittal. Trial counsel's testimony on the advice he offered to defendant about his testifying at trial was equivocal, due to the passage of time since trial, but he eventually agreed that he talked to defendant about testifying, gave defendant the "pros-and-cons" of testifying, and that he "possibly" "advised" defendant that testifying "probably wasn't a good idea." In retrospect, defendant may disagree with the strength of the evidence at trial and be remorseful of his decision to have not testified in his own defense, however, we will not second-guess the strategic decisions of counsel with the benefit of hindsight. *People v Dunigan*, 299 Mich App 579, 590; 831 NW2d 243 (2013). Defendant's trial counsel agreed at the *Ginther* hearing that some of the negative aspects of defendant testifying would be that defendant had difficulty recalling the events of the assault due to his own drinking and an alleged head injury. Defendant made the choice not to testify in his own behalf, and has not shown that the advice upon which he based his decision was not sound trial strategy. *Galloway*, 307 Mich App at 158; *Tommolino*, 187 Mich App at 17.

As discussed above, the prosecutor's characterization of defendant as a "moocher" while negative, did not rise to the level of misconduct such that an objection to the prosecution's statements would have been sustained. Although we agree that the probative value of admitting the gun, photographs of the gun, and the responding officer's testimony about his investigation into the gun was minimal, defendant has failed to establish that this evidence, even if erroneously admitted, affected his substantial rights. In other words, defendant cannot establish that "it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *Fyda*, 288 Mich App at 450.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola