*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALMANDA YVETTE TALTON,

      Defendant-Appellant.

UNPUBLISHED
August 20, 2019

No. 342153
Wayne Circuit Court
LC No. 17-002221-01-FH

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right her conviction, following a jury trial, of resisting, obstructing, or opposing a police officer (R&O), MCL 750.81d(1). The trial court sentenced defendant to two years' probation, with the initial six months to be served in the county jail. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In the early morning hours of February 26, 2017, defendant argued with her boyfriend, Kevin Davis (Davis), at their house on Harlow Street in Detroit. The argument escalated to the point where Davis left the house and defendant locked him outside. Davis called the police, stating that he needed assistance with a domestic violence situation although no physical violence had occurred. After Detroit Police Officer Wade Natho and his partner, Officer Brian Shrum, arrived at the scene, Davis told them what had happened and requested help in retrieving his belongings and leaving the house without further incident.

Officers Natho and Shrum told Davis that he could enter the Harlow residence through a window, which he did. Davis then attempted to let the officers into the house through a side door. Defendant heard Davis entering through the window and attempted to physically prevent him from opening the side door by grabbing and hitting Davis. Davis was nonetheless able to open the door and Officers Natho and Shrum entered the house. The officers were in uniform and identified themselves as police officers. They arrested defendant because of Davis's report of domestic violence and their witnessing of defendant physically attempting to prevent Davis from opening the door. Defendant refused to cooperate with the officers and had to be carried out of the house. Defendant kicked Officer Natho multiple times as he placed her in a patrol

vehicle. Defendant was transported to the Detroit Detention Center; she repeatedly verbally threatened the officers during the drive, saying that she wished she had a gun so that she could shoot Officer Natho.

The jury convicted defendant as described. After filing her claim of appeal, defendant moved this Court to remand for a *Ginther*[1] hearing concerning her trial counsel's alleged ineffectiveness. This Court denied the motion.[2] This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to support her R&O conviction because Officer Natho was not a credible witness. We disagree.

We review de novo challenges to the sufficiency of the evidence to determine whether a rational trier of fact could determine that the essential elements of the crime were proven beyond a reasonable doubt. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012); *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998). All conflicts in the evidence are resolved in favor of the prosecution. *Id*. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). On appeal, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

In *People v Morris*, 314 Mich App 399, 413-414; 886 NW2d 910 (2016), this Court held that, in order to obtain a conviction for the crime of resisting, obstructing, or opposing a police officer, MCL 750.81d(1), the prosecution must prove that:

> (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. [Citation and quotation marks omitted.]

This Court has defined "assault" as "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (quotation marks and citation omitted). A "battery," meanwhile, is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks and citation omitted). "Resist is defined as to withstand, strive against, or oppose." *Morris*, 314 Mich App at 408 (citation and quotation marks omitted).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Talton*, unpublished order of the Court of Appeals, entered November 16, 2018 (Docket No. 324153).

MCL 750.81d(7)(a) defines "obstruct" as "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." Finally, MCL 750.81d(1) "proscribe[s] both violent and nonviolent physical interference." *Morris*, 314 Mich App at 411.

Defendant argues that Officer Natho's testimony was not credible, and that there was therefore insufficient evidence to convict her of R&O. However, issues of the weight and credibility of evidence, such as witness testimony, are for the jury to decide. *Kanaan*, 278 Mich App at 619 ("This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses."). Accordingly, when a defendant challenges his or her conviction on the basis of the sufficiency of the evidence, all conflicts in the evidence, including issues of witness credibility, are resolved in favor of the prosecution. *Lockett*, 295 Mich App at 180; *Kanaan*, 278 Mich App at 619. Consequently, when reviewing defendant's conviction, we must resolve all conflicts in the evidence in favor of the prosecution and may not revisit the issue of Officer Natho's credibility.

The evidence demonstrated that defendant refused to cooperate with Officers Natho and Shrum while inside the Harlow residence, in that she was "being irate," went limp, and sat down after she was arrested. As a result, the officers carried her outside. This evidence alone supports defendant's conviction, as she opposed the police officers and refused to obey their lawful commands. See MCL 750.81d(7)(a); *Morris*, 314 Mich App at 408. Defendant additionally battered Officer Natho when she kicked him multiple times as she was being placed in the patrol vehicle. See *Cameron*, 291 Mich App at 614. Finally, Officers Natho and Shrum were both dressed in their uniforms, drove a marked police vehicle, and identified themselves to defendant as police officers; defendant has not argued that she was unaware that Officers Natho and Shrum were police officers. There was sufficient evidence for the jury to find beyond a reasonable doubt that defendant resisted, obstructed, or opposed a police officer. *Lockett*, 295 Mich App at 180.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that her trial attorney, Eric Goze, was ineffective because he failed to properly investigate the case, failed to call Devin Davis (Devin) and defendant to testify at trial, and failed to present an adequate defense at trial. Defendant alternatively argues that this Court should remand to the trial court for a *Ginther* hearing to establish the factual record on which to determine whether Goze was ineffective as her trial counsel. We disagree.

"Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012). A defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Because this Court denied her motion to remand for a *Ginther* hearing,, "our review is limited to the facts on the record." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000); *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*Lockett*, 295 Mich App at 187 (citations omitted).]

When reviewing a challenge to the effectiveness of trial counsel, the reviewing court "must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Thus, there is a "strong presumption that trial counsel's performance was strategic," and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy[.]" *Id.* at 242-243. "The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). Accordingly, the reviewing court must consider the range of potential reasons that counsel might have had for acting as he or she did. *Id.*

Defendant argues that Goze was ineffective as her trial counsel because he failed to adequately investigate this case. However, she has failed to produce any affidavits or other evidence establishing the extent to which Goze investigated this case and the record does not contain any information about Goze's investigative efforts. Further, apart from the claim that further investigation would have resulted in Goze calling Devin and defendant to testify, which we will discuss later in this opinion, defendant does not identify any other evidence or witnesses that Goze could have uncovered with sufficient investigation. Consequently, defendant has failed to establish the factual predicate for her claim that Goze was ineffective for failing to properly investigate her case. *Hoag*, 460 Mich at 6.

Moreover, defendant has not demonstrated that Goze was ineffective for failing to call Devin to testify at trial. An attorney's decision regarding whether to call a witness is presumed to be a matter of trial strategy. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). Defense counsel's "failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. A substantial defense is one that could have affected the outcome of the trial." *Id.* (citation omitted). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Yet defendant failed to produce an affidavit or other evidence establishing what Devin would have testified to at trial. She has therefore failed to establish how Devin's proposed testimony would have helped her at trial and how Goze's failure to call Devin as a witness at trial

deprived her of a substantial defense. Defendant consequently has not carried her burden of demonstrating either that Goze's performance was deficient or that she was prejudiced by the absence of Devin's testimony. See *Carbin*, 463 Mich at 600. Furthermore, even if Devin had testified at trial, his testimony (as described by defendant, albeit without evidentiary support) would have been cumulative. According to defendant, Devin was outside the house in his vehicle during the encounter between defendant and police, and later drove Davis away. Defendant posits that Devin would have testified that she did not kick Officer Natho during her arrest. But this putative testimony would merely have reiterated the testimony of defendant's roommate, who testified at trial that defendant did not kick Officer Natho. While a defendant's trial attorney can be ineffective for failing to call a cumulative witness at trial, the missing witness must be "so substantial that . . . it could have changed the outcome of the trial." *People v Johnson*, 451 Mich 115, 122; 545 NW2d 637 (1996). Even if Devin were to have testified that defendant did not kick Officer Natho, there is not a reasonable probability that the testimony would have changed the outcome of the proceedings; as stated earlier in this opinion, the jury could have convicted defendant of R&O even if they did not find that she kicked Officer Natho, and in any event his testimony would have only concerned the limited portion of events that Devin could have observed from his vehicle while parked outside the house. We conclude that Goze was not ineffective for failing to call Devin as a witness at trial. See *id*.

Defendant also argues that Goze was ineffective because he did not call defendant to testify at trial. We disagree. "A defendant's right to testify in his own defense stems from the Fifth, Sixth, and Fourteenth amendments of the United States Constitution." *People v Boyd*, 470 Mich 363, 373; 682 NW2d 459 (2004). A defendant's credibility may be impeached when she takes the stand in her own defense. *People v Fields*, 450 Mich 94, 110; 538 NW2d 356 (1995). Furthermore, trial counsel's advice to a defendant regarding whether to testify in his or her own defense is presumed to be a matter of trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). The decision whether to testify at trial, however, ultimately remains with the defendant. *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011).

Defendant asserts that Goze should have called her to testify at trial. The record, however, shows that it was defendant's decision to not testify at trial. The trial judge and Goze both conducted a voir dire of defendant to ensure that it was defendant's decision to not testify in her own defense. Defendant repeatedly stated on the record that it was her decision to not testify at trial. The record does not contain any indication that Goze coerced defendant into not testifying at trial, prevented defendant from testifying at trial, or that it was not actually defendant's decision to not testify at trial. In fact, the record does not even contain evidence that Goze advised or encouraged defendant not to testify.

Even if Goze in fact advised or encouraged defendant not to testify at trial, defendant has failed to present sufficient evidence to overcome the presumption that the advice was strategic. We note that while defendant presumably would have testified that she cooperated with Officers Natho and Shrum, defendant has not produced any evidence actually establishing what she would have testified to at trial. Similarly, it is unknown what testimony the prosecution would have elicited in cross-examining defendant. As our Supreme Court similarly held in *Bonilla-Machado*, 489 Mich App at 421, "[a]nything defendant might have said on the stand would have been subject to cross-examination designed for use against him." Thus, in light of the facts on the record and defendant's own statements concerning her decision not to testify, defendant was

not denied her right to testify and Goze was not ineffective as defendant's trial counsel for advising defendant (if indeed he did so) not to testify at trial.

Defendant's argument that Goze failed to present an adequate defense at trial essentially subsumes the above arguments that Goze failed to adequately investigate the case and failed to call Devin and defendant as witnesses at trial. Because we find those arguments unpersuasive, we are equally unpersuaded that Goze's performance deprived her of an adequate defense at trial.

Defendant alternatively requests that we remand the case to the trial court for a *Ginther* hearing. This Court, however, has already denied defendant's motion to remand for a *Ginther* hearing. Defendant has failed to support either her initial motion to remand or the renewed request in her appellate brief with any affidavits or other offers of proof as required by MCR 7.211(C)(1). See MCR 7.211(C)(1) ("A motion under this subrule must be supported by affidavit or offer of proof regarding the facts to be established at a hearing."); *People v Williams*, 241 Mich App 519, 527 n 4; 616 NW2d 710 (2000) (holding that a motion to remand "must be supported by an affidavit or offer of proof regarding the facts to be established."). Accordingly, defendant's renewed request to remand for a *Ginther* hearing is denied. See MCR 7.211(C)(1).

Affirmed.


/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra