*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT JOSEPH SEALS,

        Defendant-Appellant

UNPUBLISHED
June 11, 2020

No. 346611
Wexford Circuit Court
LC No. 2018-012203-FH

Before: CAMERON, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of felonious assault, MCL 750.82(1). Defendant was sentenced as a second habitual offender, MCL 769.10, to a two-year probationary term with 180 days in jail. We affirm.

## I. BACKGROUND

On April 29, 2018, defendant attacked the victim, his neighbor, while the victim was looking for materials on another neighbor's property. Defendant hit the victim twice with a stick, causing injuries to his forearm, head, and eye. At trial, the victim testified that during the attack defendant said, "I've got you now, f***er," and "that's for hitting my kid." Physical evidence corroborated the victim's testimony, including the stick used in the attack and defendant's shoes that were found at the scene. Defendant's statements were also corroborated by photographic evidence taken at the scene of spray-painted derogatory remarks, directed at the victim, on items located outside defendant's residence.

This appeal followed.

-1-

## II. PROSECUTORIAL ERROR[1]

On appeal, defendant first argues that the admission of evidence of the derogatory remarks against the victim, including testimony and photographs, violated the parties' prior stipulation to limit the trial testimony to the events of the day of the alleged assault. Defendant further argues that the prosecutor's decision to offer this evidence was prosecutorial error. We disagree.

"In order to preserve an issue of prosecutorial [error], a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). At trial, defense counsel objected to admission of the challenged evidence on the basis of relevance, and the objection was overruled. However, defense counsel did not raise any other objections to the evidence and did not seek a curative instruction. Therefore, this argument is unpreserved.

We review unpreserved claims of prosecutorial error for plain error affecting substantial rights. *People v Gibbs*, 299 Mich App 473, 482; 830 NW2d 821 (2103). A prosecutor has the right to introduce evidence that he or she legitimately believes will be accepted by the trial court, as long as the attempt does not prejudice the defendant. *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). A good-faith effort to admit evidence will not give rise to a claim of prosecutorial error. *Id.* Further, we will not reverse on the basis of a non-constitutional error unless it affirmatively appears that it is more probable than not that the error was outcome-determinative. *People v Brownridge (On Remand)*, 237 Mich App 210, 216; 602 NW2d 584 (1999).

In this case, there is no indication that the evidence was not offered in good faith. Indeed, the prosecutor indicated that the evidence was being introduced to corroborate defendant's statements. *Noble*, 238 Mich App at 660-661. Our review of the record confirms this and defendant has not otherwise explained how admission of this evidence violated the stipulation. Notably, defendant indicates on appeal that there was no evidence of the date on which the statements were made or placed and thus cannot support his own argument that the signs violated the stipulation. Moreover, the evidence was not outcome-determinative because there was ample evidence for a jury to find defendant guilty beyond a reasonable doubt without it. *Brownridge*, 237 Mich App at 216. Specifically, the victim sustained multiple severe injuries, including blindness, and law enforcement located pieces of the stick used to attack the victim and defendant's shoes at and near the scene. Thus, the admission of this evidence was not plainly erroneous.

---

[1] The term "prosecutorial misconduct" has become a term of art used to describe any error that has been committed by the prosecution. *People v Cooper*, 309 Mich App 74, 87; 867 NW2d 452 (2015). Claims of inadvertent error by the prosecution are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct[,]' " such as those actions that are fraudulent or that violate the Michigan Rules of Professional Conduct. *Id.* at 88. For that reason, we will refer to defendant's claim of "prosecutorial misconduct" as "prosecutorial error."

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Secondly, defendant argues that defense counsel's decision not to object on the basis that the evidence violated the stipulation amounted to ineffective assistance of counsel, and that counsel was also ineffective because defendant did not testify at trial. We disagree.

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2102).[2]

The effective assistance of counsel is a basic right enjoyed by criminal defendants under both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51.

To satisfy the performance prong of the above test, defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). We must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*.

There is a strong presumption that defense counsel's representation falls within the wide range of reasonable professional assistance. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). We cannot substitute our judgment for that of counsel regarding matters of trial strategy, nor will we assess counsel's competence with the benefit of hindsight. *Strickland*, 466 at 689. Defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015) (quotation marks and citation omitted). "A failed strategy does not constitute deficient performance." *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Trial counsel is not necessarily required to object to evidence, and this decision could be a matter of trial strategy. *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). Moreover, "counsel is not ineffective for failing to raise meritless or futile objections." *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

Regarding the derogatory remarks, as noted above, defendant has not shown that the evidence clearly violated the stipulation, nor has defendant shown that the exclusion of this evidence would have changed the outcome at trial. See *Putman*, 309 Mich App at 245. Further, in his closing argument, defense counsel referenced these remarks to suggest a self-defense theory on defendant's behalf. The decision to limit his objection to relevance as well as his subsequent

---

[2] We previously denied defendant's motion for a remand. *People v Seals*, unpublished order of the Court of Appeals, entered July 5, 2019 (Docket No. 346611). Therefore, we are limited in our review to the facts already contained in the record. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

reliance on this evidence to present a defense argument show that this was a matter of trial strategy. *Ackley*, 497 Mich at 388; *Unger*, 278 Mich App at 253. Defendant has failed to demonstrate that pursuing this strategy was outside of the range of reasonable professional assistance. See *Petri*, 279 Mich App at 412.

Defendant also asserts that his counsel was ineffective because he counseled defendant not to testify. Defendant claims that there was minimal risk in having him testify, and that because the prosecution's case was lacking in physical evidence, counsel should have responded by having defendant testify so that he could contest the prosecution's case. This argument is unpersuasive.

As we discussed above, there was more than sufficient evidence presented at trial to allow the jury to find defendant guilty of felonious assault. All of this evidence also corroborated the victim's testimony. Notably, defendant's argument also ignores the fact that, as a matter of trial strategy, there are any number of possible reasons that counsel may have reasonably advised defendant to refrain from testifying. *Ackley*, 497 Mich at 388; *Unger*, 278 Mich App at 253. For example, defendant's counsel could have recognized the risk of subjecting defendant to cross-examination. More particularly, the prosecutor could have inquired about defendant's failure to contact the authorities to report what he alleged to be the victim's assault upon him, the contrast between the victim's and defendant's injuries, and the apparent abandonment of defendant's shoes at the scene. Rather than subject defendant to such cross-examination, counsel opted to present defendant's mother's testimony. Defendant's mother testified that she observed and photographed defendant's injuries—a red mark on his arm, which was visible in a photograph, along with two lumps on his head, which were not visible in a photograph. In closing, counsel challenged the victim's credibility and contested the prosecution's proofs. Thus, defendant has failed to overcome the presumption that counsel's advice that he not testify was sound trial strategy.[3] *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991).

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Anica Letica

---

[3] We also deny defendant's request for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).